UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRINA BOUDOIN                                    CIVIL ACTION

VERSUS                                           NO: 07-6842

ST. CHARLES PARISH HOSPITAL,                     SECTION: J(3)
ET AL

**ORDER AND REASONS**

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** a copy be delivered to chambers eight days prior to the date set for hearing of the motion.  No memorandum in opposition to Defendant Acadian Ambulance Service's ("Acadian") **Motion to Dismiss (Rec. Doc. 5)**, set for hearing on January 23, 2008 on the briefs, was submitted timely.  Accordingly, this motion is deemed to be unopposed.

Acadian argues that Plaintiff's claims are premature, as Plaintiff has failed to comply with the administrative procedural requirements of the Louisiana Medical Malpractice Act ("MMA") prior to initiation of the instant lawsuit against Acadian.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Acadian's motion should be granted.

**Background Facts**

Plaintiff is the mother of the decedent, Ryshad Drake, a teenager who, on January 30, 2007 was engaging in irate and uncontrollable behavior, the effects of a possible seizure. Acadian was called to restrain and remove Drake from his high school campus. Acadian allegedly responded and placed Drake in restraints and thereafter transported him to St. Charles Parish Hospital via ambulance.

After being admitted into the hospital, Drake escaped and fled. Hospital officials subsequently notified the St. Charles Parish Sheriff's Office which began to search for Drake. After locating him, officers monitored Drake's movements. Without authorization, however, the officers were unable to take Drake into custody and return him to the hospital. Plaintiff sought to acquire the requisite Committal Order, but before it could be obtained, Drake drowned in a nearby pond.

Plaintiff filed suit against multiple defendants, alleging claims for wrongful death, negligence, and violations of Drake's civil rights under the United States Constitution. Relevant here is Plaintiff's claims against Acadian as they relate to its involvement in Drake's death.

**The Parties' Arguments**

Acadian cites La. Rev. Stat. 40:1299.47, which requires that all claims of medical malpractice against a qualified health care provider be submitted before a medical review panel prior to the commencement of any legal action in any court. The Act defines

2

"malpractice," as:

> Any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.

See La. Rev. Stat. 40:1299.41(A)(8). Furthermore, the Act specifically defines a "health care provider" as including an "ambulance service." See La. Rev. Stat. 40:1299.41(A)(1).

Therefore, according to Acadian, because Acadian is a qualified health care provider under the Act, and because Plaintiff failed to present her claim to a medical review panel as is required under the Act, Plaintiff's claim must be dismissed as premature. See Richardson v. Advanced Cardiovascular Systems, Inc., 865 F. Supp. 1210, 1217 (E.D. La. 1994).

## Discussion

**A. Legal Standard**

**1. Lack of Subject Matter Jurisdiction**

A motion to dismiss for lack of subject-matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), a

court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997).  Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations.  Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981).

    **2.  Failure to State a Claim**

As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.  Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

**B.  Analysis**

Louisiana state courts have found that not every claim against a qualified health care provider constitutes a claim covered under the MMA.  See Robinson v. Allen Parish Police Jury, et al., 918 So. 2d 535, 540 (La. App. 3d Cir. 2005).  In Robinson, the surviving spouse instituted an action against an

4

ambulance service (Acadian Ambulance Service, in fact) for not transporting her critically injured husband sooner than it did because of the transporting helicopter's mechanical problems. Id.  The court stated that it is the "nature of the act complained of, not the status of Acadian Ambulance as a health care provider, that is determinative." Id. at 540.  Simply being a health care provider does not entitle such an entity to the limitations on liability contained in the Act.

Therefore, the question before this Court is whether Plaintiff's claim is one of medical malpractice.  In Coleman v. Deno, the court enumerated six factors that are to be analyzed in determining whether certain conduct by a qualified health care provider constitutes malpractice as defined under the Act.  813 So. 2d 303 (La. 2002).  These include: (1) whether the particular wrong is treatment-related or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.  Id.

Unfortunately, Plaintiff's complaint does not set forth the specific bases by which she seeks to hold Acadian liable for the

death of Drake.  However, all of the allegations[1] listed in Plaintiff's complaint involve Defendants' treatment of Drake.  In fact, Plaintiff specifically alleges that all Defendants, including Acadian, failed to provide proper medical care to Drake.  Therefore, this Court finds that Plaintiff's claims against Acadian are claims of medical malpractice, and as such, are strictly governed by the Louisiana Medical Malpractice Act.  Because they have not been presented to a medical review panel, they must be dismissed as premature.  Accordingly,

**IT IS ORDERED** that Acadian's **Motion to Dismiss (Rec. Doc. 5)** is **GRANTED**; Plaintiffs claims are hereby **DISMISSED** without prejudice.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty days.  The motion must be accompanied by an opposition memorandum to the original motion.  Because such a motion would not have been necessary had a timely opposition

---

[1] Plaintiff's complaint contains a blanket reference to acts and omissions by all Defendants, including: (1) failing to implement policies and procedures to insure the issuance of a Committal Order in an emergency situation; (2) failure to maintain adequate precautions to protect Drake; (3) failure to properly train and instruct employees regarding emergency procedures; (4) failure to protect Drake's health, safety and welfare; (5) failure to apprehend Drake; (6) failure to adequately restrain Drake; (7) failure to provide adequate security to prevent Drake from fleeing the hospital; (8) failure to provide proper medical care to Drake; and (9) deliberately displaying indifference to Drake's immediate physical and mental needs.

memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration.  See Fed. R. Civ. P. 16.

New Orleans, Louisiana, this 29th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE